**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE**

Civil Action No. 08-120-HRW

TESSA A. WHITAKER,                                                       PLAINTIFF,

v.            <u>**MEMORANDUM OPINION AND ORDER**</u>

**MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,            DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for supplemental security income benefits alleging disability beginning on June 5, 2002, due to curvature of spine, arthritis and nerve damage (Tr. 63-64). This application was denied initially and on reconsideration.

On March 6, 2007, an administrative hearing was conducted by Administrative Law Judge Charles Arnold (hereinafter "ALJ"), wherein Plaintiff testified.  A supplemental hearing was convened on April 4, 2007 in order to permit Ralph Crystal, a vocational expert (hereinafter "VE"), to testify.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1:  If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2:  If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3:  If the claimant is not performing substantial gainful work and has a severe  impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On April 25, 2007, the ALJ issued his decision finding that Plaintiff was not

disabled. Plaintiff was born on March 9, 1971, has a 9th grade education and past work experience as a certified nursing assistant.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the prospective filing date (Tr.17).

The ALJ then determined, at Step 2, that Plaintiff suffered from scoliosis, degenerative disc disease, anxiety and depression, which he found to be "severe" within the meaning of the Regulations (Tr. 17).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 17-19). .

The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 21) but determined that she has the residual functional capacity ("RFC") to perform a limited range of light work (Tr. 19-21).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 22-23). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on April 8, 2008 (Tr. 5-7).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

### III. ANALYSIS

#### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273

(6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ failed to accord controlling weight to the opinion of a treating source, Ray Hayes, M.D. and (2) the ALJ failed to include the findings of a prior decision in violation of *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997).

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ failed to accord controlling weight to the opinion of a treating source, Ray Hayes, M.D.

The record contains a new patient evaluation conducted by Dr. Hayes on November 2, 2006 (Tr. 234-236). On examination, Dr. Hayes found Plaintiff's strength and reflexes to be normal (Tr. 235). He noted that she had no sensory deficits (Tr. 235). The only abnormal clinical findings were some pain with range of motion on the lumbar spine and tenderness between L4 and S1 (Tr. 235). He assessed moderate to severe chronic pain, lumbar scoliosis, degenerative disc disease and lumbar facet osteoarthritis (Tr. 235). He noted that Plaintiff's symptoms were well-controlled with medications but that facet joint injections could be considered in the future (Tr. 235). He advised Plaintiff against heavy

restrictions and instructed her not to operate heavy machinery while taking prescription medication (Tr. 235).

First, the Court finds that Dr. Hayes is not a treating source as defined by the Regulations. 20 C.F.R. § 416.927. The record reveals that he conducted a single evaluation of the Plaintiff. There was no continuing, treating relationship as envisioned by the Regulations. 20 C.F.R. § 416.927 (d)(2)(I). As such, his findings are not entitled to controlling weight. *Id.* Nor is the ALJ required to specify his reasons for discounting or rejecting the opinion. *Bogle v. Sullivan*, 998 F.2d 342, 347-349 (6th Cir. 1993).

Further, Dr. Hayes' opinion is consistent with the ALJ's RFC.

The Court having reviewed the record finds no error in the ALJ's consideration of the opinion of Dr. Hayes.

As for the ALJ's reliance upon the opinions of the state agency physicians, it was appropriate. Although the state agency physicians rendered their opinions in 2005, prior to Dr. Hayes' assessment, the ALJ reviewed the record before and after the state agency submitted their reports (Tr. 16-21).

Moreover, there is nothing in the record which calls into question the findings of the state agency physicians nor has Plaintiff offered any evidence in this regard. There was no conflict between the opinions of record. As discussed

*supra*, the assessment of Dr. Hayes is consistent with the ALJ's RFC.

Plaintiff's second claim of error is that the ALJ failed to include the findings of a prior decision in violation of *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997).  Specifically, Plaintiff argues that a remand is warranted for the ALJ's failure to enunciate the findings from a February 18, 2005 decision in which it was determined that the Plaintiff could perform a full range of light work [Docket No. 13, Exhibit 6, pg. 1].

*Drummond* instructs that a subsequent ALJ is bound by the findings of a prior ALJ, the prior decision has a preclusive effect only "absent changed circumstances." *Drummond*, 126 F.3d at 842.  The court reasoned that the preclusive effect of a prior decision would prevent the Commissioner from "reexamining issues previously determined absent new and additional evidence" and affords "finality in the decisions of social security claimants." *Id.*

The Court is somewhat perplexed by Plaintiff's contention as the ALJ in this case found a more restrictive RFC than that of the 2005 decision.  In other words, the instant decision is more favorable to the Plaintiff than the prior decision.  The Court finds no violation of *Drummond*.

### III.  CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This July 27, 2009.



Signed By:
*Henry R Wilhoit Jr.*
United States District Judge